# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | | |
|---|---|---|
| BRYAN C. WAGNER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.: 4:17-cv-276 |
| | § | |
| NORTHFIELD INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

## NOTICE OF REMOVAL

Northfield Insurance Company ("Northfield"), Defendant herein, files this Notice of Removal containing a short and plain statement of the grounds for removal as required by 28 U.S.C. §§ 1441 and 1446, and thereby giving notice of removal from the District Court of Tarrant County, Texas to the United States District Court for the Northern District of Texas.

### OVERVIEW

1. On or about February 28, 2017, Plaintiff, Bryan C. Wagner ("Plaintiff" or "Wagner"), commenced an action styled *Bryan C. Wagner v. Northfield Insurance Company*, Cause No. 067-290721-17, in the 67th Judicial District Court of Tarrant County, Texas, a district and division embraced within the United States District Court for the Northern District of Texas. Wagner seeks a declaratory judgment that Northfield owes him a duty to defend in an underlying lawsuit styled *ExxonMobil Corp. v. Trade Exploration Corp., et al.*, Cause No. 09-60726, pending in the 189th Judicial District Court for Harris County, Texas (the "ExxonMobil Suit"), and seeks his defense costs incurred in the ExxonMobil Suit and statutory penalties.

### TIMELINESS OF REMOVAL

2. On or about February 28, 2017, Wagner filed suit against Northfield.

3.       Wagner served the Plaintiff's Original Petition (the "Petition") on Northfield, through the Texas Commissioner of Insurance, on March 2, 2017.

4.       Pursuant to 28 U.S.C. § 1446(b)(2)(B), "[e]ach defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal." 28 U.S.C. § 1441(b)(2)(B).

5.       Removal is timely under 28 U.S.C. § 1446(b)(2)(B) and (c)(1) as it is filed within thirty (30) days of service or receipt of the initial pleading on Northfield and within one year of the action being filed.

## CONSENT TO REMOVAL

6.       Northfield is the only defendant in the captioned suit, and therefore consent to removal is not necessary.

## BASIS OF REMOVAL – DIVERSITY JURISDICTION

7.       This Court has original jurisdiction pursuant to 28 U.S.C § 1332(a), and this matter is removable pursuant to 28 U.S.C. § 1441(a), because complete diversity of citizenship among the parties exists and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## DIVERSITY OF THE PARTIES

8.       The Petition alleges that Wagner is an individual who resides in Tarrant County, Texas.[1]

9.       The Petition alleges that Northfield is an Iowa surplus lines insurance carrier with its principal place of business in Connecticut.[2]  In fact, Northfield is an Iowa corporation with its

---

[1] *See* Exhibit 1, Plaintiff's Original Petition, ¶ 3.

[2] *See* Exhibit 1, Plaintiff's Original Petition, ¶ 4.

2

principal place of business in Connecticut. A corporation is a citizen of both its state of incorporation and the state of its principal place of business.[3] Thus, Northfield is a citizen of both Iowa and Connecticut.

## AMOUNT IN CONTROVERSY

10. The amount in controversy exceeds the federal diversity jurisdiction minimum of $75,000, exclusive of interest and costs, pursuant to 28 U.S.C. § 1332(a).

11. A defendant may establish that the amount in controversy exceeds $75,000 either by demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000 or by setting forth the facts in controversy that support a finding of the requisite amount. *Grant v. Chevron Phillips Chem. Co.,* 309 F.3d 864, 868 (5th Cir. 2002). If a defendant can show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount, the "plaintiff can defeat diversity jurisdiction only by showing to a 'legal certainty' that the amount in controversy does not exceed $75,000." *Id.* at 869 (quoting *De Aguilar v. Boeing Co., 47 F.3d* 1404, 1412 (5th Cir. 1995)).

12. Plaintiff alleges in the Petition that he "seeks monetary relief of $1,000,000 or more and any other relief to which Plaintiff may show himself justly entitled."[4] Further, Plaintiff alleges that "[t]o date, Wagner has incurred over $1.26 million in uncompensated attorneys' fees and costs associated with the ExxonMobil suit for which Northfield is responsible . . . ."[5] Thus,

---

[3] 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (holding that for purposes of federal diversity jurisdiction a corporation is domiciled both in the state of incorporation and the place of corporation's "nerve center," i.e. "the place where a corporation's officers direct, control, and coordinate the corporation's activities."); *Teal Energy USA, Inc. v. GT, Inc.,* 369 F.3d 873, 875 (5th Cir. 2004) ("[A] corporation is a citizen of both its state of incorporation and its principal place of business for purposes of diversity jurisdiction.").

[4] *See Exhibit* 1, Plaintiff's Original Petition, ¶ 2.

[5] *See Exhibit* 1, Plaintiff's Original Petition, ¶ 10.

Plaintiff's claim and the amount in controversy exceeds $75,000, exclusive of interest and costs, and this Court may assume jurisdiction over this matter under 28 U.S.C. § 1332.

13. Furthermore, absent a statute limiting recovery, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints," stating that the damages are not more than the minimum jurisdictional amount. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995) (quoting *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992)). "The general principle is that plaintiffs have to show that they are bound irrevocably by their state pleadings." *Id.* at 1412, n.10. No binding stipulation or affidavit was filed with the Petition.

14. Northfield does not admit the underlying facts alleged by Plaintiff and denies any and all liability to Plaintiff.

## COMPLIANCE WITH PROCEDURAL REQUIREMENTS FOR REMOVAL

15. Pursuant to Local Rule 81.1(a)(4)(B), a copy of the docket sheet in the state court action is attached hereto as Exhibit "1".

16. Pursuant to Local Rule 81.1(a)(4)(A) and (C), attached hereto as Exhibit "2" is a copy of each document filed in the state court action, except discovery material, preceded by an index of all documents that clearly identifies each document and indicates the date the document was filed in state court.

17. Pursuant to Local Rule 81.1(a)(4)(D), a separately signed certificate of interested persons is attached hereto as Exhibit "3".

18. Pursuant to Local Rule 81.1(a)(3), a notice of related cases is attached hereto as Exhibit 4".

19. Northfield will promptly give written notice of the filing of this Notice of Removal by filing a Notice to State Court of Filing of Notice of Removal with the Clerk of the Tarrant County District Court as required by 28 U.S.C. § 1446(d).

20. This Notice of Removal is filed within 30 days of the receipt by or service upon Northfield of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based.

21. The state court action was commenced on February 28, 2017, and this Notice of Removal is being filed within one (1) year after its commencement.

22. Venue is proper within the Northern District of Texas because the matter is being removed from Tarrant County District Court, a court within the Northern District of Texas.

23. Under 28 U.S.C. § 1446(d), Northfield affirms that it will give written notice of this removal to all adverse parties and will file a copy of the Notice with the Tarrant County District Court.

24. Northfield appears here only for the limited purpose of asserting the present Notice of Removal, and this Notice is submitted without waiver of any defenses, state or federal, and with full reservation of Northfield's right to timely assert any and all such defenses.

25. Northfield reserves its right to supplement and/or amend this Notice of Removal.

WHEREFORE, Northfield removes this action from the 67th Judicial District Court of Tarrant County, Texas to the United States District Court for the Northern District of Texas, Fort Worth Division, so that it may assume jurisdiction over the case as provided by law.

DATED this 31st day of March, 2017.

                                                Respectfully Submitted:

                                                /S/   William A. Worthington
                                                William A. Worthington
                                                wworthington@cwlaw.com
                                                TX Bar No. 22010300
                                                Conner & Winters
                                                808 Travis Street, Suite 2300
                                                Houston, Texas 77002
                                                Telephone:     (713)650-3850
                                                Facsimile:      (713)650-3851

**Attorneys for Northfield Insurance Company**

## CERTIFICATE

I hereby certify that promptly after filing the Notice of Removal with this Honorable Court, the attached Notice of Filing of Removal to Counsel and Clerk of Court together with a copy of the above-referenced Notice of Removal, were filed with the Clerk of the Tarrant County District Court, and was served on all parties by email and by mailing the same, properly addressed and postage prepaid, on this 31st day of March 2017.

                                                /s/   William A. Worthington
                                                William A. Worthington